IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-290-BO

NANETTE B. DANIELS, )
         Plaintiff, )
)
v. )
)
NATIONAL RAILROAD )
PASSENGER CORPORATION and ) ORDER
CSX TRANSPORTATION, INC. )
         Defendants. )
)

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings, or, in the alternative, to Dismiss [DE 9] and Plaintiff's Motion for Leave to File Amended Pleadings [DE 17]. Because the Court lacks jurisdiction to hear Plaintiff's claims, Defendants' Motion to Dismiss pursuant to Fed. R. Civ. Pro. 12(b)(1) is granted.

## BACKGROUND

Plaintiff filed this action based on diversity jurisdiction for wrongful death and loss of consortium. Plaintiff's husband, the decedent, was killed when his car was struck by a passenger train operated by Defendant National Railroad on June 9, 2009. Plaintiff alleges that Defendant National Railroad was negligent in operating the train and that Defendant CSX was negligent in its maintenance of safety equipment at the railroad crossing.

## DISCUSSION

A plaintiff bears the burden of establishing federal subject matter jurisdiction when challenged by a motion under 12(b)(1), *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). A defendant may challenge the court's subject matter jurisdiction by contending either that the complaint fails to allege facts upon which subject matter jurisdiction can rest or that the jurisdictional allegations in the complaint are untrue. *Adams v. Bain,* 697 F.2d 1213, 1219 (4th

Cir.1982). When, as Defendants here have done, a facial challenge to subject matter jurisdiction is made, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Kerns v. United States,* 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams,* 697 F.2d at 1219). The facts alleged by the plaintiff in the complaint are then taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.*

Federal courts may consider only cases or controversies, and "the doctrine of standing has always been an essential component" of the case or controversy requirement. *Marshall v. Meadows,* 105 F.3d 904, 906 (4th Cir. 1997) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)). To have standing to bring suit, a plaintiff must have suffered an actual or imminent injury in fact, there must be a causal connection between the injury and the action of the defendant, and the injury must be redressable. *Lujan,* 504 U.S. at 560 (1992). "The party invoking the jurisdiction of a federal tribunal bears the burden of establishing standing." *Marshall,* 105 F.3d at 906.

*Wrongful Death*

In North Carolina, a wrongful death action for damages may be brought only by the personal representative or collector of the decedent. N.C. Gen. Stat. § 28A-18-2(a); *Westinghouse v. Hair,* 107 N.C. App. 106, 107 (1992). A wrongful death action must be brought within two years of the death of the decedent, and the plaintiff bears the burden of showing that he has the capacity to bring suit. *Westinghouse,* 107 N.C. App. at 107.

Plaintiff in this action has failed to show that she is either the personal representative or collector of the decedent. Plaintiff's complaint alleges that Cody R. Hand is administrator of decedent's estate, and Plaintiff has not made any assertion to the contrary. Accordingly, because

2

Plaintiff lacks capacity to sue for wrongful death under North Carolina law, she also lacks standing to pursue a wrongful death action in federal court. *See Janeau v. Pitman Mfg. Co., Inc.*, 1991 WL 538679, at *8 (W.D.N.C. 1991) (finding that "[b]ecause Plaintiff is an unqualified personal representative under North Carolina law, she has no legal capacity to initiate a death by wrongful act claim in a representative capacity. . . . Hence, absent representative or individual capacity to sue, Plaintiff is without standing to institute this action against [Defendants], and this claim must be dismissed").

*Loss of Consortium*

A common law loss of consortium claim is, under North Carolina law, encompassed by the wrongful death statute. *Keys v. Duke Univ.*, 112 N.C. App. 518, 520 (1993); *see also Christenbury v. Hedrick*, 32 N.C.App. 708, 712 (1977) ("any common law claim which is now encompassed by the wrongful death statute must be asserted under that statute"). Because Plaintiff lacks standing to bring an action under the North Carolina wrongful death statute, she also lacks standing to bring a claim for loss of consortium. Accordingly, the Court lacks subject matter jurisdiction to hear Plaintiff's loss of consortium claim.

*Motion for Leave to File Amended Pleadings*

Plaintiff has responded to Defendants' dispositive motion by moving to amend her complaint so that she may substitute the personal administrator of the decedent's estate as the named plaintiff in this action. Rule 17(a)(3) of the Federal Rules of Civil Procedure provides that a "court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Rule15(a) provides that the court should give

3

freely leave to amend when justice so requires, and Rule 15(c) provides that an amended pleading may relate back to the date of the original pleading under particular circumstances. Fed. R. Civ. Pro. 15(a); 15(c).

As noted above, Plaintiff proceeds in this matter *pro se*, and there is nothing in the record to suggest that Plaintiff is an attorney licensed to practice law in any state. Apart from minor exceptions, a person who is not an active member of the North Carolina State Bar may not appear in any action before any judicial body except on his own behalf. N.C. Gen. Stat. § 84-4. To date, no duly licensed attorney has appeared on behalf of Plaintiff, and Plaintiff has made no proffer that she has retained counsel. Indeed, Plaintiff states in her Motion to Amend that she is "aware that she is responsible for her actions when representing herself. There are no resources to hire an attorney for this suit and [Plaintiff] felt it was important to defend her deceased husband in this action." [DE 17 p. 3]. Additionally, Plaintiff has made no contention that the personal representative she is seeking to substitute as named plaintiff, Mr. Cody R. Hand,[1] has consented to his substitution as a party, nor has Plaintiff shown that Mr. Hand has sought to ratify or join this action. Accordingly, were the Court to allow Plaintiff's Motion to Amend without evidence that Plaintiff would not continue to prosecute decedent's claims under the wrongful death statute without the assistance of a duly licensed attorney, it would be inviting Plaintiff to violate North Carolina's prohibition of the unauthorized practice of law.

## CONCLUSION

Therefore, because this Court lacks jurisdiction to hear Plaintiff's wrongful death and loss

---

[1] Defendants have offered evidence that Mr. Hand is an attorney who is licensed to practice in North Carolina. This has no bearing at this stage of the proceeding as to whether or not Mr. Hand should be substituted as named plaintiff in this action.

of consortium claims because Plaintiff is without standing to sue, Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) is GRANTED. Additionally, because Plaintiff is not a licensed attorney and may not proceed in this action on behalf of the personal administrator of decedent's estate, Plaintiff's Motion to Amend is DENIED. All other pending motions are DENIED AS MOOT.

SO ORDERED, this _20_ day of November, 2011.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5

Case 5:11-cv-00290-BO   Document 24   Filed 11/22/11   Page 5 of 5